IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LINDA BUCHER and RODNEY      )
SMITH,                       )
                             )
          Plaintiffs,        )     8:06CV362
                             )
     v.                      )
                             )
RELIANCE STANDARD LIFE       )     MEMORANDUM OPINION
INSURANCE COMPANY, NORTH     )
AMERICA,                     )
                             )
          Defendant.         )
_____)
```

This matter is before the Court on the motion for summary judgment filed by defendant Reliance Standard Life Insurance Company, North America ("Reliance")(Filing No. 12).

Plaintiffs Linda Bucher and Rodney Smith initiated this action by filing a complaint in the District Court of Nance County, Nebraska, on March, 31, 2005, seeking payment of a claim for $50,000 under the accidental death provision of a group life insurance policy insuring Tyrel Smith. Plaintiffs were the named beneficiaries. Reliance filed its notice of removal on May 10, 2005 (Filing No. 1) because the accidental death benefits at issue were established and maintained by Hy-Vee, Inc. as part of an employee benefit plan governed by the Employment Retirement Security Act of 1974 ("ERISA") 29 U.S.C. § 1132(a)(1)(B). Plaintiffs also seeks reasonable attorney's fees and costs. Reliance asserts that its denial of benefits was proper under the

definition of accidental death contained in the insurance policy which insures the Hy-Vee employee benefit plan (Answer, ¶¶ 15-16). The Court has reviewed the motions, briefs and the applicable law and makes the following findings.

## I. Background

Decedent Tyrel Smith ("Tyrel") was employed by Hy-Vee, Inc., and was a participant in an employee benefit plan established and maintained by Hy-Vee, Inc. ("Hy-Vee Plan") (Statement of Material, Undisputed Facts ("SOF")(Filing No. 13), ¶ 1).[1] The Hy-Vee Plan is insured by Reliance's group life insurance policy number GL135940 (SOF, ¶ 2). The plan and group policy are governed by ERISA (SOF, ¶ 3).

The group life insurance policy grants Reliance, as the claims review fiduciary, the discretionary authority to interpret the Plan and the insurance policy and states that Reliance's decisions are "final and binding on all parties." (SOF, ¶ 4). Further, the policy explicitly states that "the policy was delivered in Iowa and is governed by its laws." (SOF, ¶ 5).

Tyrel died in his home on February 13, 2005 (SOF, ¶ 6). The "Certificate of Death" listed the cause of death as "Accidental Asphyxiation due to the consequences of Autoerotic

---

[1] Plaintiffs did not controvert any of the facts included in defendant's Statement of Material, Undisputed Facts, and under local rule, these facts will be deemed admitted. NECivR 56.1(b)(1).

-2-

Asphyxiation Syndrome." (SOF, ¶ 7). The investigating officer's report stated that Tyrel was found inside the bathroom with a black belt around his neck with the other end of the belt connected to a coat rack connected to the wall (SOF, ¶ 8). Tyrel's pants were down around his ankles (SOF, ¶ 8). The investigating officer's report concluded that "[f]rom the looks of the scene, it appeared that foul play was not a factor, it looks like a non-intentional suicide." (SOF, ¶ 8).

At the time of his death, Tyrel was covered for $50,000 in basic life insurance benefits and $50,000 in accidental death benefits under the Hy-Vee Plan and group policy (SOF, ¶ 9). Tyrel designated his parents, Linda Bucher ("Bucher") and Rodney Smith ("Smith"), as equal beneficiaries under the plan (SOF, ¶ 10). Both Bucher and Smith submitted claims for both basic and accidental death benefits (SOF, ¶ 10). Reliance paid the full $50,000 basic life insurance benefit to Bucher and Smith but denied their claims under the accidental death provision (SOF, ¶ 11).

Under the policy terms, the accidental death benefit will be paid for death caused solely by an accident, except "a benefit will not be payable for a loss which results from (1) an intentionally self-inflicted injury." (SOF, ¶ 15). Reliance determined that Tyrel's death resulted from an intentionally

-3-

self-inflicted injury which is excluded from coverage (SOF, ¶ 16).

Bucher appealed the claim denial, arguing that Tyrel did not intend to kill himself (SOF, ¶ 17). Smith did not appeal the benefit denial (SOF, ¶ 18). After reviewing the appeal, Reliance upheld its decision to deny the accidental death claim, asserting that the decision was not based on a belief that Tyrel intended to kill himself, but rather that the loss was due to intentionally self-inflicted injuries that Tyrel should have reasonably foreseen could likely result in his death (SOF, ¶¶ 19-20).

## II.  Legal Analysis

### A.  Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment must always bear "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* NELR 56.1(a). When the party seeking summary judgment carries its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996); *see* NELR 56.1(b).

At summary judgment, the evidence is viewed in a light most favorable to the nonmoving party, with all inferences drawn in that party's favor. *See Matsushita Elec. Indus.*, 475 U.S. at 587. In making this review, the Court is particularly aware that it does not "weigh the evidence and determine the truth of the matter" but instead determines "whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B.   Standard of Review**

Under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), "a plan has the option of specifying a deferential standard of review, which in turn will affect claims-processing issues such as the extent to which the plan decision-maker must explain its benefit decisions and whether the reviewing court is limited to the evidence presented to the plan decision-maker." *Bounds v. Bell Atl. Enters. Flexible Long Term Disability Plan*, 32 F.3d 337, 339 (8th Cir. 1994)(citations

-5-

omitted).  Under *Bruch,* the proper way to elect this deferential standard is to grant express discretionary authority to the plan administrator or fiduciary.  *Bounds*, 32 F.3d at 339.  Thus, the deferential standard under *Bruch* is not triggered by an insurance policy's proof-of-loss provision unless it expresses an intent to confer discretion.  *Id*.

Here, the Reliance policy contains explicit language which grants Reliance, as the claims review fiduciary, "the discretionary authority to interpret the plan and the insurance policy and to determine eligibility for benefits.  Decisions by the claims review fiduciary [Reliance] shall be complete, final and binding on all parties."  (AR 43).  This express discretionary language triggers deferential review under ERISA.  Therefore the deferential abuse of discretion standard of review applies to the Court's review of Reliance's claims decision.

### III.  Discussion

The Eighth Circuit Court of Appeals has held that, where an insured engaged in autoerotic asphyxia dies, the result is not an accident under Iowa law, "since a reasonable person would have recognized that his actions could result in his death."  *Sigler v. Mutual Benefit Life Insurance Co.*, 663 F.2d 49, 49 (8th Cir. 1981)(*quoting Sigler v. Mutual Benefit Life Insurance Co.*, 506 F. Supp. 542, 544 (S.D. Iowa 1981).  *Sigler* is directly on point and supports Reliance's decision to deny the

-6-

accidental death benefit claim.  Here, as in *Sigler*, Iowa law is at issue.  Also, as in *Sigler*, Tyrel's death resulted while he was engaged in autoerotic asphyxia.

Under the abuse of discretion standard, a court must uphold the plan administrator's decision if it was "reasonable" or supported by "substantial evidence."  *McGee v. Reliance Standard Life Ins. Co.*, 360 F.3d 921, 924 (8th Cir. 2004).  Substantial evidence is "more than a scintilla" but "less than a preponderance."  *Leonard v. S.W. Bell Corp. Disability Plan*, 341 F.3d 696, 701 (8th Cir. 2003).  A court looks to whether a "reasonable person *could* have reached a similar decision . . . not that a reasonable person *would* have reached that decision."  *Philips-Foster v. Unum Life Ins. Co. of Am.*, 302 F.3d 785, 794 (8th Cir. 2002)(emphasis added).

The Eighth Circuit's decision in *Sigler,* which was construing a policy under Iowa law involving the same fact pattern at issue here, is sufficient to support a finding that a reasonable person could reach the same conclusion as did Reliance.  In light of the Eighth Circuit's decision in *Sigler*, the Court finds that Reliance did not abuse its discretion in denying plaintiff's accidental death benefit claim.  Therefore, the Court will grant Reliance's motion for summary judgment.  A

-7-

separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of November, 2006.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court